Manly, J.
 

 "We domot concur with the Court below in its interpretation of the statute of 1856, chapter 11. Instead of
 
 *382
 
 of talcing away any security for the rights of plaintiffs, it adds another to those, then existing — or rather, it extends a part of the provision made for a class of ejectment cases in Rev. Code, chap. 31, sec. 48, to the action generally.
 

 It is an unusual provision of our law to require defendants to give security for costs. Plaintiffs are only so required. When, therefore, the Legislature concluded to put defendants in ejectment upon the same footing with plaintiffs, in this respect, it was but fair and proper they should bo equalised in other respects, and be allowed, in case of poverty, to defend without giving security. This is all, as we suppose, that was intended by the act of 1856. It was to provide security for costs from defendants, in ordinary cases of ejectment, and not to interfere with the legislation in respect to such actions, when between landlord and tenant. It is hardly possible to suppose, if so material an interference had been intended, it would have been left by the Legislature to an implication uncertain in its nature.
 

 If the statute of 1856, had simply required defendants in ejectment to secure costs, without adding th.e proviso in favor of poor persons, it would not have touched the 4Sth section of the Rev. Code, chapter
 
 31-, ancl,
 
 the right of the landlord to require a bond for
 
 damages,
 
 as well as costs, would have remained. This would be because of a manifest intention to legislate, in the last enactment, for a class of cases not provided for in the former-. It follows, if that restricted application of the statute of 1856, would have been made, had it been left without the proviso, the proviso, itself, must also be understood in the same limited sense, and held to apply to ordinary cases of ejectment, and not to the action between landlord and tenant.
 

 This Court being of opinion, then, that the statute of 1856, does not apply to actions of ejectment between landlord and tenant, holds, consequently, it was erroneous in the Court below to allow the defendant to plead without the affidavit and bond required by the Revised Code, chap. 31, sec. 48.
 

 "Wherefore, let this opinion be certified to the Court below,
 
 *383
 
 to the end. that its judgment may he reversed, and proceedings had therein according to law.
 

 Per Curiam,
 

 Judgment reversed,